FILED

Sep 29 2016, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jakob Robinson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 29, 2016

Court of Appeals Case No.
79A02-1603-CR-522

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1503-F5-16

**Najam, Judge.**

## Statement of the Case

[1] While a teacher and coach at McCutcheon High School in Tippecanoe County,
Jakob Robinson engaged a student is numerous acts of sexual intercourse and

deviant sexual conduct. After the student reported Robinson's behavior to local authorities, the State charged Robinson with five counts of child seduction, each as a Level 5 felony. Robinson pleaded guilty to each of those counts and the trial court sentenced him to an aggregate term of eight years, with five years executed in the Department of Correction and three years suspended to probation.

[2] On appeal, Robinson asserts that his sentence is inappropriate in light of the nature of his offenses and his character. We conclude that his sentence is not inappropriate. As such, we affirm.

## Facts and Procedural History

[3] Between October of 2014 and January of 2015, Robinson, who was thirty-seven years old at the time, worked as a teacher and football coach at McCutcheon High School. K.F., a student at the school, was sixteen years old, and she was a teacher's assistant for Robinson. K.F.'s father had died prior to K.F.'s birth, and Robinson "became a sort of father figure for her." Appellant's App. Vol. IV at 12.

[4] During that time, Robinson engaged K.F. in numerous sexual encounters, which included intercourse, digital penetration, and oral sex. Robinson engaged K.F. in those encounters during school hours and after school hours. He also engaged her in those encounters after school hours but before extracurricular events were scheduled to begin.

[5] Robinson was married but in the dissolution process. His wife had a restraining order against him, and he was living with his parents. On at least one occasion, Robinson had sexual intercourse with K.F. in his parents' home. On that occasion, Robinson's two minor daughters were spending the night at his parents' home with him, and, while his parents and daughters were asleep, he left the house to pick K.F. up and bring her back to his parents' home.

[6] Robinson purchased clothing and jewelry for K.F. He met with K.F. in public, sometimes with his daughters present. Robinson would "confide in her" about "the stresses of [his] failed marriage," while she "would confide in [Robinson] when she was emotional" about her father's death. Tr. at 40. Robinson told K.F. he loved her.

[7] On January 9, 2015, K.F. informed the Tippecanoe County Sheriff's Department of her relationship with Robinson. Thereafter, the State charged Robinson with five counts of child seduction, each as a Level 5 felony. Robinson pleaded guilty to each of those five counts without the benefit of a plea agreement.

[8] The trial court accepted Robinson's guilty plea and, on September 3, 2015, entered the following sentencing statement:

> The Court finds as aggravating factors: the gap in age between the Defendant and the victim; the Defendant was in a relationship of trust with the victim not only as her childcare provider, but became a father figure to this fatherless victim and Defendant nurtured, developed[,] and manipulated the relationship for over two years; the emotional trauma,

humiliation[,] and shame suffered by the victim; the repetitive nature of the offenses; Defendant recently violated pre-trial release by violating the No Contact Orders entered [on behalf of] his Wife and children; and the seriousness of the offenses by the manner in which Defendant carried out the crime while his parents and own children were present.

The Court finds as mitigating factors: the Defendant is a smart/intelligent man with a good work history as a teacher/coach; Defendant has led a law abiding life with no previous criminal history; Defendant pled guilty without the benefit of a Plea Agreement; Defendant has shown remorse; the Defendant has good community support; and Defendant has family support from his parents and siblings.

Appellant's App. Vol. II at 18-19. The court then ordered Robinson to serve eight years, with five years executed and three years suspended to probation. This appeal ensued.

## Discussion and Decision

[9] Robinson asserts that his sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the

outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

[10] Here, Robinson committed five acts of child seduction, each as a Level 5 felony. A Level 5 felony carries a sentencing range of one to six years' imprisonment, with an advisory term of three years. Ind. Code § 35-50-2-6(b) (2014). Thus, for his five offenses Robinson faced a maximum possible term of thirty years' imprisonment. In ordering Robinson to serve eight years, with only five years executed, the trial court relied on the following aggravating circumstances: the age difference between Robinson and K.F.; Robinson's abuse of his position of trust; Robinson's manipulation of K.F.; the harm K.F. has endured; the repetitive nature of Robinson's offenses; the seriousness of the manner in which Robinson committed his crimes; and the fact that, after the State had filed its charges against Robinson, he violated his Wife's no-contact order. The court also identified the following mitigating circumstances: Robinson's guilty plea; his lack of a prior criminal history; his show of remorse; and his good work history and community and family support.

[11] Robinson has not met his burden on appeal to demonstrate that his sentence is inappropriate. Regarding the nature of his offenses, Robinson asserts that the sentence imposed is too harsh because "all offenses related to the same victim and involved [a] relatively narrow time frame . . . ." Appellant's Br. at 5. Robinson also suggests that the trial court improperly considered the position-

of-trust aggravator because, according to Robinson, the facts as they related to his position over K.F. did not exceed that necessary to prove an element of the offense of child seduction.

[12] We easily reject those arguments. The fact that Robinson, over several months, repeatedly victimized a minor who trusted him does not mitigate his sentence. And Robinson's suggestion that his obvious position of trust over K.F. was nothing more than that necessary to establish an element of the offense of child seduction is not supported by cogent reasoning. *See* Ind. Appellate Rule 46(A)(8)(a); *see also McElroy v. State*, 865 N.E.2d 584, 589-90 (Ind. 2007) ("when evaluating the nature of the offense, the trial court may properly consider the particularized circumstances of the factual elements as aggravating factors") (internal quotation marks omitted). Accordingly, his sentence is not inappropriate in light of the nature of his offenses.

[13] Neither is Robinson's sentence inappropriate in light of his character. On this point, Robinson emphasizes his guilty plea, lack of criminal history, and community support. He also asserts that the harm endured by K.F., "while certainly not inconsequential, . . . is not atypical of what victims of sexual assaults experience" and, as such, "it is presumed the legislature considered" such issues in setting the advisory sentence for an offense. Appellant's Br. at 7. And Robinson asserts that his violation of the no-contact order was not significant; he violated the order when he "placed a check for child support . . . in his estranged Wife's mailbox" rather than making that payment through the clerk's office. *Id.*

[14] Robinson's reliance on his guilty plea, lack of criminal history, and, to a lesser degree, his community support better explain why he received the sentence he did instead of receiving a higher term.[1]  Further, it was within the trial court's discretion to consider the degree of harm endured by K.F. as well as Robinson's inability to follow simple court instructions to stay away from his wife. Regardless, however, Robinson's manipulation of K.F. and his abuse of his position of trust over her plainly reflect his poor character.  The sentence the trial court imposed after taking all of those facts into account is not inappropriate.  Thus, we affirm.

[15] Affirmed.

Vaidik, C.J., and Baker, J., concur.

---

[1] By comparison, the Indiana Supreme Court recently held that a three-year executed sentence for child seduction, as a Level 5 felony, was not inappropriate where the defendant, on one occasion, "asked his 14-year-old niece to give him a lap dance, she declined, but [the defendant] then had her sit on his lap while he kissed her on the cheek and tickled her." *Bess v. State*, --- N.E.3d ---, No. 09S02-1609-CR-484 (Ind. Sept. 14, 2016) (per curiam).