## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2016, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Douglas S. Walton
Walton Law Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David A. Penfold,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 29, 2016

Court of Appeals Case No.
63A01-1606-CR-1436

Appeal from the Pike Circuit Court

The Honorable Jeffrey L. Biesterveld, Judge

Trial Court Cause No.
63C01-1408-F4-374

**Najam, Judge.**

## Statement of the Case

David A. Penfold appeals his sentence for child solicitation, as a Level 4 felony, following his guilty plea. Penfold raises a single issue for our review, namely, whether the advisory sentence is inappropriate in light of the nature of Penfold's offense and his character. We affirm.

## Facts and Procedural History

In May of 2014, Penfold, a twenty-three-year-old male who lived in Hebron, Indiana, sent a number of sexually explicit messages over the internet to a person whom he believed to be a fourteen-year-old female. That person was really an adult "decoy" associated with "the Perverted Justice Organization." Appellant's App. Vol. II at 20. At some point, the decoy informed local police officers about Penfold's attempted solicitations, and they monitored and recorded Penfold's communications. After three months, in August Penfold arranged to meet with the decoy. Penfold arrived at a predetermined location at a scheduled time, and local police arrested him.

The State charged Penfold with two counts of child solicitation, as Level 4 felonies. On September 14, 2015, Penfold pleaded guilty, pursuant to a written plea agreement, to one of the charges and, in exchange, the State dismissed the other charge. Pursuant to his plea agreement, Penfold agreed to leave sentencing open to the trial court's discretion so long as the court did not sentence him to more than seven years executed in the Department of Correction.

The court accepted Penfold's plea agreement and held a sentencing hearing. Following that hearing, the court found as an aggravator that Penfold was a "high risk to reoffend."[1] Appellant's App. Vol. III at 36. As mitigators, the court found that Penfold "has no history of delinquency or criminal activity" and that he "has accepted responsibility for his actions and has plead[ed] guilty and saved the Court time and resources." *Id.* The court concluded that the aggravating and mitigating factors were in equipoise and, as such, ordered Penfold to serve the advisory sentence of six years. This appeal ensued.

## Discussion and Decision

Penfold contends that his six-year sentence is inappropriate in light of the nature of the offense and his character. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or

---

[1] In his brief, Penfold asserts that "the only apparent support for that finding is that Mr. Penfold committed a sexual offense" and that the trial court "assume[d] a high risk to re-offend . . . simply because a sexual offense is at issue." Appellant's Br. at 8-9. Penfold's assertions are plainly contrary to the record. The trial court expressly relied on the Indiana Risk Assessment System's evaluation of Penfold, which unambiguously labeled him "in the HIGH risk category to reoffend." Appellant's App. Vol. III at 46.

> her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[6] On appeal, Penfold asserts that the advisory sentence is inappropriate in light of the nature of the offense because "[t]here was no victim in this case." Appellant's Br. at 9. And Penfold asserts that his sentence is inappropriate in light of his character based on his lack of criminal history, his evidence of mental health issues, and his evidence that there is a low likelihood that he will reoffend. We cannot agree.

[7] Regarding the nature of the offense, Penfold spent three months attempting to solicit a fourteen-year-old female to engage him in various sexual acts. Penfold's messages were explicit and detailed, and it is not to his benefit that he was unable to complete his attempted crime simply because the person with whom he was communicating was not who he thought she was. Regarding his character, the record demonstrates that he is a high risk to reoffend. Further, the trial court has considered and rejected Penfold's evidentiary arguments, and we will not reconsider the trial court's assessment on appeal. We cannot say that the advisory sentence of six years is inappropriate in light of the nature of Penfold's offense and his character and, thus, we affirm his sentence.

[8] Affirmed.

Bailey, J., and May, J., concur.