## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 27 2017, 9:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronnie D. Ball, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 27, 2017 <br><br> Court of Appeals Case No. <br> 02A03-1609-CR-2117 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D06-1503-F5-55 |

**Najam, Judge.**

# Statement of the Case

Ronnie D. Ball, Jr. appeals his sentence following his conviction for corrupt business influence, a Level 5 felony. Ball presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

On February 25, 2015, the State charged Ball with corrupt business influence. The information alleged that, between July 21 and September 17, 2014, Ball, along with "a group of individuals" that formed an "enterprise," engaged in "a pattern of racketeering activity . . . involving a series of thefts of miscellaneous merchandise from Lowe's" home improvement store. Appellant's App. at 14. The value of the stolen merchandise totaled $3,802.69.

On August 3, 2015, Ball pleaded guilty as charged. The trial court took Ball's guilty plea under advisement, and Ball agreed to waive his "right to be sentenced within thirty (30) days." *Id.* at 30. The trial court deferred sentencing and placed Ball in the Drug Court Diversion Program ("the program"). *Id.* On June 30, 2016, Ball failed a drug test, testing positive for cocaine and morphine, and the drug court case manager filed a petition to terminate Ball from the program. Following a hearing, the trial court revoked Ball's participation in the program and scheduled a sentencing hearing.

At the sentencing hearing, the trial court accepted Ball's guilty plea and entered judgment of conviction. In sentencing Ball, the trial court identified the

following mitigators:  his guilty plea; his acceptance of responsibility; and his "efforts while in drug court."  *Id.* at 76.  And the trial court identified as aggravating Ball's criminal history, which began in 1997 and includes one prior felony and three misdemeanors.  The trial court emphasized Ball's "failed efforts [at] rehabilitation" and prior lenient sentences, including community service, unsupervised probation, transitional living, and drug court.  *Id.*  The trial court sentenced Ball to the advisory term of three years.  This appeal ensued.

## Discussion and Decision

[5]     Ball contends that his three-year sentence is inappropriate in light of the nature of the offense and his character.  As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).  The principal role of appellate review is to "leaven the outliers."  *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review.  *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[6] On appeal, Ball asserts that the advisory sentence is inappropriate in light of the nature of the offense because "his crime was a far cry from the most severe type of corrupt business influence." Appellant's Br. at 10. And Ball maintains that his sentence is inappropriate in light of his character based on his past military service and his "limited criminal history" despite his difficult childhood, post-traumatic stress disorder, and drug addiction. *Id.* We cannot agree.

[7] Regarding the nature of the offense, Ball and his cohorts stole a total of $3,802-worth of merchandise from various Lowe's stores over the course of more than two months, "return[ed]" the stolen goods in exchange for Lowe's gift cards, and sold those gift cards to a pawn shop for cash. Appellant's App. at 15. Ball was one of seven people who planned and executed these thefts in order to support their drug habits. Regarding his character, while we commend Ball's military service, the record supports the trial court's determination that he has failed to take advantage of lenient sentences and opportunities for rehabilitation in the past. And Ball was given the opportunity to avoid the instant conviction through participation in the Drug Court Diversion Program, but he was terminated.[1] Finally, at the time of sentencing, Ball owed approximately $35,000 in child support for his two children. We cannot say that the advisory

---

[1] The record shows that, during the program, Ball failed four drug screens and failed to submit to one drug screen, and he did not complete the required community service hours.

sentence of three years is inappropriate in light of the nature of Ball's offense and his character and, thus, we affirm his sentence.[2]

[8] Affirmed.

Bailey, J., and May, J., concur.

---

[2] We note that the trial court recommended Ball for purposeful incarceration, whereby Ball would get treatment for his drug addiction.