## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 11 2017, 7:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dewayne T. Anderson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 11, 2017<br><br>Court of Appeals Case No.<br>36A01-1612-CR-2766<br><br>Appeal from the Jackson Circuit Court<br><br>The Honorable Richard W. Poynter, Judge<br><br>Trial Court Cause No.<br>36C01-1509-F2-18 |

**Najam, Judge.**

## Statement of the Case

Dewayne Anderson appeals his sentence following his conviction for dealing in a narcotic drug, as a Level 2 felony. Anderson presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

On September 13, 2015, while Anderson was on "supervised federal probation" for a prior heroin-related conviction, a law enforcement officer conducted a traffic stop on Interstate 65 in Jackson County and found in Anderson's vehicle forty grams of heroin, twenty-six grams of marijuana, seven and a half grams of cocaine, eighty grams of a cutting agent, digital scales, and 100 small plastic baggies. Appellant's App. Vol. 3 at 7. The State charged Anderson with five felony counts and one misdemeanor count. Anderson pleaded guilty to dealing in a narcotic drug, as a Level 2 felony, and in exchange for that plea, the State dismissed the other charges. The trial court accepted the plea, entered judgment of conviction, and sentenced Anderson to twenty years executed. This appeal ensued.

## Discussion and Decision

Anderson contends that his sentence is inappropriate in light of the nature of the offense and his character. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court
> to "revise a sentence authorized by statute if, after due

consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[4] Anderson maintains that his twenty-year sentence is inappropriate in light of the nature of the offense because he had no intent to deal narcotics, but intended to share the drugs with his friends at a "large party"; he complied with law enforcement during the traffic stop; and he did not endanger anyone. Appellant's Br. at 11. And Anderson maintains that his sentence is inappropriate in light of his character because "his most recent [prior] conviction occurred fifteen (15) years" ago; he has "never received any substantial drug treatment to assist him with addiction recovery"; he pleaded guilty to the highest level felony count with which he was charged; he has health issues; and he has a supportive family. *Id.* at 10. We cannot agree.

[5] Regarding the nature of the offense, a defendant's possession of ten grams of cocaine or a narcotic drug is sufficient to support a Level 2 felony conviction, and Anderson possessed *forty* grams of heroin and seven and a half grams of cocaine. Regarding his character, Anderson's criminal history, without more,

supports the twenty-year sentence in this case. Anderson's prior state and federal convictions date back to 1988 and include "trafficking" in cocaine, "trafficking" in marijuana, and "trafficking" in heroin, and he has previously violated parole. Appellant's App. Vol. 3 at 6-7. At the time of the instant offense, Anderson had just been released from federal prison on a heroin-related conviction eight months' prior, and he was on supervised probation. We cannot say that Anderson's twenty-year executed sentence is inappropriate in light of the nature of the offense and his character and, thus, we affirm his sentence.

[6] Affirmed.

Riley, J., and Bradford, J., concur.