## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 19 2017, 5:51 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Laura A. Raiman
R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLC
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Myles C. Crenshaw, *Appellant-Defendant,* | July 19, 2017 |
| | Court of Appeals Case No. 03A01-1612-CR-2803 |
| v. | Appeal from the Bartholomew Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable James D. Worton, Judge |
| | Trial Court Cause Nos. 03D01-1509-F3-4662 03D01-1601-CM-535 |

**Najam, Judge.**

# Statement of the Case

[1] Myles Crenshaw appeals his sentence after he pleaded guilty to intimidation, as a Level 5 felony, and two counts of invasion of privacy, as Class A misdemeanors. Crenshaw raises a single issue for our review, namely, whether his aggregate sentence of seven years and ten months is inappropriate in light of the nature of the offenses and his character. We affirm.

# Facts and Procedural History

[2] In September of 2015, Crenshaw attacked his girlfriend, Jessica Berry, at her home while her children were asleep. Crenshaw threatened to murder Berry and her children and forced Berry to engage with him in sexual acts. During the episode, Crenshaw hit Berry multiple times; he put a cigarette out on Berry's body; he urinated in Berry's mouth and made her swallow it; he choked her; he stabbed her in the back with scissors; and he held a knife against her chest.

[3] The State charged Crenshaw in cause number 03D01-1509-F3-4662 ("Cause F3-4662") with criminal confinement, as a Level 3 felony; intimidation, as a Level 5 felony; and two counts of domestic battery, as Level 6 felonies. The State also sought and obtained a no-contact order that prohibited Crenshaw from contacting Berry.

[4] While in jail awaiting trial in Cause F3-4662, Crenshaw called Berry more than 200 times and wrote numerous letters to her over the course of several months. Among other things, in those communications Crenshaw instructed Berry to

"drop the charges and retract your statement." Tr. Vol. II at 42. Thereafter, Berry retracted her statements to police. In light of those communications in violation of the no-contact order, in cause number 03D01-1601-CM-535 ("Cause CM-535") the State charged Crenshaw with six counts of invasion of privacy, each as a Class A misdemeanor.

[5] Thirteen months after the initial charges, Crenshaw pleaded guilty to intimidation, as a Level 5 felony, in Cause F3-4662 and, simultaneously, to two counts of invasion of privacy, as Class A misdemeanors, in Cause CM-535. In exchange for his guilty plea in both causes, the State agreed to drop the remaining counts as well as a pending petition to revoke Crenshaw's probation in a third cause. The State had filed that petition to revoke probation in a cause of action in which Crenshaw had been convicted of a prior domestic battery against Berry.

[6] The trial court accepted Crenshaw's guilty plea. At the conclusion of the ensuing sentencing hearing, the trial court found the following aggravating factors: (1) Crenshaw's criminal history; (2) Crenshaw's prior failures to abide by the conditions of probation; (3) Crenshaw's violation of a term of probation that had been entered in a conviction of domestic battery involving the same victim, which the court expressly found to be a "significant aggravator"; (4) the September 2015 incident occurred in the presence of children; (5) with respect to his conviction in Cause F3-4662, Crenshaw violated the protective orders entered against him; (6) Crenshaw directed Berry to change her story with police; and (7) Crenshaw's lack of remorse and, instead, "plac[ing] a significant

amount of the blame towards the victim." *Id.* at 130-31. The court found as a "slight mitigator" that Crenshaw had sought and obtained "family wellness treatment." *Id.* at 131. The court found that Crenshaw's guilty plea was not entitled to mitigating weight in light of the "substantial deal" he had received in exchange for his plea. *Id.* The court then found that the aggravators outweighed the mitigators, and it ordered Crenshaw to serve an aggregate term of seven years and ten months executed. This appeal ensued.

## Discussion and Decision

[7] Crenshaw argues that his sentence is inappropriate. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[8] According to Crenshaw, his sentence is inappropriate for the following reasons: (1) he was employed at the time of his arrest; (2) he had employment and housing prospects in place pending his release; (3) he sought and obtained the

assistance of community resources; (4) he had the support of numerous family members; (5) he completed a course on parenting skills while in prison; (6) while he has three prior misdemeanor convictions, he has no prior felonies; (7) his prior battery of Berry was "attenuated in both time and manner"; and (8) he has no history of substance abuse. Appellant's Br. at 11. Crenshaw then continues as follows:

> Berry . . . admitted that she and Crenshaw role[-]played a dominant-submissive relationship involving rough sex. . . .
>
>  . . . The nature of [their] sexual relationship was not and is not offered as an excuse . . . . However, the fact that Crenshaw's threat was made close in time to the couple's shocking sexual practices affected the trial court in consideration of the nature of the offense. The scandalous nature of [their] relationship did not warrant the imposition of a nearly maximum sentence.

*Id.* at 12. And Crenshaw further alleges that "Berry's consensual participation in the invasion of privacy crimes was significantly more pronounced." *Id.*

[9] We reject Crenshaw's arguments, which largely ignore the heinousness of his offenses or blame Berry for them. Whatever their prior relationship, Berry did not consent to the events that occurred during the September 2015 incident, and Berry's participation in any of the more-than-200 times Crenshaw violated the no-contact order is neither here nor there to the fact that Crenshaw continuously and knowingly violated that order. Moreover, we are not persuaded that any of the eight facts numbered above bear in any significant way on the nature of the offenses or Crenshaw's character.

[10]     In sum, the nature of the offenses was extreme. In Cause F3-4662, Crenshaw repeatedly physically assaulted Berry and threatened her and her children while the children were nearby. In Cause CM-535, Crenshaw violated the protective order more than 200 times. And the nature of Crenshaw's character is no better. He had a prior conviction for domestic battery against Berry and committed the instant offenses while on probation for that conviction. Further, the facts underlying the instant convictions also demonstrate Crenshaw's poor character. Thus, in light of the nature of the offenses and his character, we cannot say that Crenshaw's sentence of seven years and ten months is inappropriate. We affirm.

[11]     Affirmed.

         Pyle, J., and Altice, J., concur.