## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Brooke Smith
Scott L. Barnhart
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Meredith,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 14, 2017

Court of Appeals Case No.
82A05-1705-CR-1117

Appeal from the Vanderburgh
Superior Court

The Honorable Richard G.
D'Amour, Judge

Trial Court Cause No.
82D02-1406-FA-801

**Najam, Judge.**

## Statement of the Case

[1]     James Meredith appeals his thirty-year sentence following his convictions for four counts of child molesting, as Class A felonies, and four counts of child molesting, as Class C felonies. Meredith presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

## Facts and Procedural History

[2]     Between February 16, 2011, and 2013, Meredith, who was then at least twenty-one years old,[1] molested H.D., who was born in February 2001, multiple times. On June 12, 2014, the State charged Meredith with thirty counts of child molesting, twenty-two as Class A felonies, and eight as Class C felonies. On March 23, 2017, the State amended the charging information. In particular, the State dismissed twenty-two of the charges and charged Meredith with four counts of child molesting, as Class A felonies, and four counts of child molesting, as Class C felonies. On March 27, 2017, a jury trial commenced, and voir dire was completed. When the trial resumed the following day, before opening arguments, Meredith pleaded guilty as charged.

[3]     Meredith's guilty plea left sentencing open to the trial court's discretion. At the ensuing sentencing hearing, the trial court imposed sentence as follows:

---

[1] Meredith was born in October 1975.

Before I can sentence you I have to find aggravating factors and mitigating factors . . . . And I do find that there are aggravators and there are mitigators in this case. Let's talk about the aggravators first. The first one that I found was the harm to the victim was very significant. Obviously "H" was a young child when you decided to begin this course of conduct with her. And the harm to her is incalculable. Apparently there were times where other minors were present when some of this activity was going on. I also find that to be an aggravator. You apparently were in a position of trust. I guess there was some relationship here[2] where there were times where you were left alone with "H" as some sort of authority figure. And I also find that was an aggravator. And then, of course, the heinousness of this crime. Child molesting is one of the more heinous crimes that we have on the books. The harm that it does to the mind and the spirit and the soul of "H" that she will have to carry for the rest of her life. So I listed there four aggravating circumstances. I do find two mitigating circumstances in this case. I was aware of the evaluations that were done. I understand you do have some cognitive deficiencies, through no fault of your own. Those are as a result of nature and nothing you did wrong there. But you do have those problems. It's not an excuse, as was pointed out by your Counsel, for this behavior, but it is something that you've had to deal with in your life and has made your life more difficult. The second mitigating factor, notwithstanding the fact that you attempted to withdraw the plea today, was I think you did the right thing by, you know, on the day of the trial when we knew there was gonna be time for "H" to come up here and relive all of these circumstances and all of these incidents, that you did the right thing and you said, you know, "I'm gonna plead guilty. I'm gonna accept my responsibility for what I did and I'm not going to make her go through that." Now whether

---

[2] In a report, Dr. David Cerling noted that H.D. is "the granddaughter of a family friend of his ex-wife[.]" Appellant's App. Vol. 2 at 59.

that actually went through your head and that was the reason you pled guilty, I can't be sure. But I'm gonna say in my mind that maybe in the back of your head you were thinking, you know, "I don't want her to have to go through this and so I'm gonna step up. I'm gonna man up and I'm gonna say I did wrong and I'm not gonna have to make her go through that." So I'm gonna count that as a mitigating factor in this matter. Notwithstanding, the aggravators I think do exceed the mitigators in this case. And accordingly, the Court's now going to enter a judgment of conviction on Counts 1 through 4, Class A child molesting and enter a judgment of conviction on Counts 5 through 8, Class C child molesting. On Counts 1 through 4, sir, I'm going to sentence you to thirty years at the Indiana Department of Corrections. Counts 1 through 4 will run concurrent with each other. So they'll run at the same time. On Counts 5 through 8, sir, I'm sentencing you to four years at the Indiana Department of Corrections. Those Counts will run concurrent [with] each other at the same time and they also will run concurrent with Counts 1 through 4. But all eight Counts will run consecutive to the [thirty-year] sentence that you received, you're now serving, in 82C01-1306-FA-639 [for child molesting]. Meaning, sir, the time for this sentence will not run until such time as you have completed your sentence in 639.

Tr. at 28-30. This appeal ensued.

# Discussion and Decision

[4] Meredith's sole contention on appeal is that his sentence is inappropriate in light of the nature of the offenses and his character. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and

the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[5] Meredith asserts that his "diminished mental capacity significantly impacted the nature of the offences [sic]." Appellant's Br. at 9. In particular, prior to trial, the court ordered three psychiatric examinations of Meredith to determine whether he was competent to stand trial. The results of those examinations revealed that Meredith, while competent to stand trial, "was in the fifth percentile for I.Q., which is right at the borderline of impairment," and he had a history of "learning disabilities" and "substantially below[-]average verbal functioning." *Id.* Meredith maintains that, "[a]s a result of his diminished mental capacity and cognitive ability, Meredith's actions demonstrate a lessened amount of culpability." *Id.* at 10. Meredith also contends that the nature of the offenses "are [sic] lessened as a result of his decision to accept an open plea." *Id.* Finally, Meredith asserts that the trial court "inappropriately

considered the heinousness of the crime[s] as an aggravating factor,"[3] which, he maintains, warrants a "less than . . . advisory sentence" here. *Id.* at 11.

[6] Initially, we note that Meredith's argument regarding the nature of the offenses reads more like an argument regarding his character. Regardless, Meredith's argument on appeal ignores that, at sentencing, H.D.'s grandmother read a statement H.D. had written. H.D. described having attempted suicide "multiple times" as a result of the molestations. Tr. at 20. And H.D. stated that Meredith had made her life "a living hell." *Id.* We cannot say that Meredith's aggregate thirty-year sentence for four Class A felony convictions and four Class C felony convictions is inappropriate in light of the nature of the offenses.

[7] Meredith also maintains that his sentence is inappropriate in light of his character. In support, Meredith alleges that he "received *no benefit* to his open plea, as there was no bargained-for sentence associated with his plea." Appellant's Br. at 11 (emphasis added). But Meredith ignores the mitigating weight the trial court gave to his guilty plea. And, notably, the trial court imposed concurrent and advisory sentences on each conviction. Further, Meredith contends that his limited criminal history warrants a revised sentence. But Meredith's prior convictions, which also were for four counts of child molesting, as Class A felonies, are significant, especially given that those

---

[3] Meredith makes no contention or cogent argument that the trial court abused its discretion in sentencing.

offenses occurred in the summer of 2013 and involved a young family member. We cannot say that Meredith's sentence is inappropriate in light of his character.

[8] Affirmed.

Kirsch, J., and Brown, J., concur.