## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 19 2018, 9:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kyle Stacy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 19, 2018

Court of Appeals Case No.
34A02-1710-CR-2479

Appeal from the Howard Superior Court

The Honorable George A. Hopkins, Judge

Trial Court Cause Nos.
34D04-1608-F5-132
34D04-1702-CM-15

**Najam, Judge.**

## Statement of the Case

Kyle Stacy appeals his sentence following his conviction for operating a motor vehicle after forfeiture of license for life, a Level 5 felony, pursuant to a guilty plea. Stacy presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm, but we remand to correct a scrivener's error in the sentencing order.

## Facts and Procedural History

On August 1, 2016, Stacy, who was then thirty-five years old but had never obtained a driver's license, was driving in Kokomo when a police officer saw him disregard a stop sign. The officer conducted a traffic stop and learned that Stacy did not have a driver's license and was a habitual traffic offender. On August 3, the State charged Stacy with operating a motor vehicle after forfeiture of license for life, a Level 5 felony.

On August 24, 2017, Stacy pleaded guilty as charged.[1] Stacy's plea agreement provided that his sentence would be "five (5) years, with the manner and duration of time executed to be determined by the Court, but not to exceed two (2) years." Appellant's App. Vol. II at 50. Following a guilty plea hearing, the

---

[1] On February 14, 2017, the State charged Stacy in Cause No. 34D04-1702-CM-15 with possession of paraphernalia, as a Class C misdemeanor, and his August 2017 plea agreement included a guilty plea to that charge. But Stacy does not appeal his sentence for that conviction.

trial court sentenced Stacy to five years, with two years executed and 1,095 days[2] on supervised probation. This appeal ensued.

## Discussion and Decision

[4] Stacy contends that his sentence is inappropriate in light of the nature of the offense and his character. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[5] The sentencing range for a Level 5 felony is one year to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6 (2018). In light of

---

[2] The sentencing order erroneously states that Stacy shall serve 1,095 *months* on supervised probation. The State agrees that this is a scrivener's error and needs to be corrected on remand.

Stacy's substantial criminal history, the trial court imposed a five-year sentence, with two years executed.

[6] Stacy asserts that his sentence is inappropriate in light of the nature of the offense because he "was testing his wife's brakes when he was arrested a few blocks from home. There was no accident, no injury to anyone." Appellant's Br. at 10. Given that the trial court imposed an executed sentence below the advisory sentence for a Level 5 felony, we cannot say that his sentence is inappropriate in light of the nature of the offense.

[7] Stacy next contends that his sentence is inappropriate in light of his character because he "look[s] . . . good" for a drug addict because he has "no failed drug screens," he works full-time, he attends college, and he supports his family. *Id.* But, as the State points out, "it is [Stacy's] character that fully demonstrates that the sentence is not inappropriately harsh." Appellee's Br. at 12. This conviction is Stacy's *sixth* conviction related to driving without a driver's license. And Stacy's criminal history includes sixteen felony convictions overall, as well as six misdemeanor convictions. Further, as stated in the presentence investigation report,

> [Stacy] has served seven executed sentences, and [he has] been placed on probation seven times. He has also been placed in the Alcohol and Drug Program twice, work release twice, community corrections once, and in the Drug Court once. He was removed from Drug Court for violating the program, and he has also incurred six other violations of his suspended sentences.

Appellant's App. Vol. III at 33. In other words, Stacy has not been successful at prior attempts to break his drug addiction, and he has not complied with alternative sentencing. We hold that Stacy's sentence is not inappropriate in light of his character, and we affirm his sentence.

[8] We remand to the trial court with instructions to fix the scrivener's error in the sentencing order. Stacy's sentence on the Level 5 felony conviction should state the duration of supervised probation as 1,095 days, not 1,095 months.

[9] Affirmed and remanded.

Mathias, J., and Barnes, J., concur.