## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 03 2018, 10:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon A. Kincheloe,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 3, 2018<br><br>Court of Appeals Case No.<br>18A-CR-235<br><br>Appeal from the Bartholomew<br>Superior Court<br><br>The Honorable James D. Worton,<br>Judge<br><br>Trial Court Cause Nos.<br>03D01-1702-F6-721<br>03D01-1707-F4-3834 |

**Najam, Judge.**

# Statement of the Case

Brandon Kincheloe appeals his five-year aggregate sentence between two cause numbers, in which he was convicted of three criminal offenses. Kincheloe raises a single issue for our review, namely, whether his aggregate sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

# Facts and Procedural History

On January 21, 2017, Kincheloe, while on parole for a prior stalking conviction, entered a Wal-Mart store in Columbus with a nearly empty Wal-Mart bag. Kincheloe then placed several items inside the bag and left the store without paying for the items. A few minutes later, Kincheloe again entered the store with the Wal-Mart bag. He then attempted to return one of the stolen items at the customer service counter, but a loss prevention officer stopped him. Kincheloe showed the officer his ID and left the building ostensibly to retrieve the other stolen merchandise. However, Kincheloe instead fled from the premises in his vehicle. The loss prevention officer contacted local police and identified Kincheloe and his vehicle to them; officers then went to Kincheloe's residence, observed the stolen merchandise, and arrested Kincheloe. The State charged Kincheloe with theft, as a Level 6 felony, in cause number 03D01-1702-F6-721 ("Cause 721") and had his parole revoked.

In July, just five days after he had completed his sentence for the parole revocation, Kincheloe broke into the residence of Mary Snyder, Susan Young, and Ashley Shuffitt. Kincheloe damaged their door when he broke into the

residence. As he was attempting to escape with a television, DVD player, and bicycle, Snyder, Young, and Shuffitt observed Kincheloe and confronted him. In the ensuing altercation, Kincheloe "pushed [Young] to the ground," which left her with "an abrasion on her left elbow and a small laceration on her left shin." Appellant's App. Vol. 2 at 29. In cause number 03D01-1707-F4-3834 ("Cause 3834"), the State charged Kincheloe with burglary, as a Level 4 felony; theft, as a Level 6 felony; and battery, as a Class A misdemeanor.

[4] Thereafter, Kincheloe pleaded guilty, pursuant to a plea agreement, to theft, as a Level 6 felony, in Cause 721; residential entry, as a Level 6 felony, in Cause 3834; and battery, as a Class A misdemeanor, in Cause 3834. In exchange for his plea agreement, the State agreed to dismiss the remaining charges and to not file charges relating to yet another allegation of theft. After a sentencing hearing, the court accepted the plea agreement and sentenced Kincheloe to an aggregate term of five years executed on the three convictions. In sentencing him, the court stated:

> The Court finds no mitigating circumstances. The Court finds the following aggravating circumstances:
>
> 1. The defendant has a history of criminal or delinquent behavior.
>
> 2. The defendant has been placed on probation multiple times and has had multiple petitions to revoke probation filed against [him].

3.      The defendant has had opportunity for treatment outside of a penal facility and has been unsuccessful.

4.      The defendant was on parole at the time of this offense [in Cause 721].

Appellant's App. Vol. 2 at 60.  This appeal ensued.

# Discussion and Decision

Kincheloe asserts that his sentence is inappropriate in light of the nature of the offenses and his character.  As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).  The principal role of appellate review is to "leaven the outliers."  *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review.  *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

Here, Kincheloe appears to assert that his aggregate sentence of five years executed is inappropriate in light of the nature of the offenses because they are "a direct result of his long-standing drinking and drug problem," and that he similarly just "makes poor and impulsive choices."  Appellant's Br. at 12.  He

asserts that his sentence is inappropriate in light of his character because he assumed responsibility by pleading guilty; he is an admitted drug abuser and alcoholic; he is attempting to obtain employment and rehabilitation; and he is remorseful.

[7] However, we cannot say that Kincheloe's sentence is inappropriate. Regarding the nature of the offenses, Kincheloe committed the theft in Cause 721 while on parole and committed the offenses in Cause 3834 just five days after completing his sentence following the revocation of his parole. During the commission of the first theft, he feigned retrieving the property he had stolen in order to flee from the scene, despite having just shown his ID to a loss prevention officer. During the commission of the offenses in Cause 3834, he injured a person and damaged her residential property.

[8] Regarding his character, Kincheloe has had extensive contacts with the justice system. He has three prior felony convictions, two prior misdemeanor convictions, and multiple probation or parole violations. He also received a significant benefit from his guilty plea when the State agreed to dismiss, reduce, and not file charges in exchange for his plea. And we are in no position to second-guess the trial court's disregard of Kincheloe's alleged remorse. We cannot say that Kincheloe's aggregate sentence of five years executed is inappropriate, and we affirm his sentence.

[9] Affirmed.

Robb, J., and Altice, J., concur.