## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 26 2018, 7:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sally Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John F. Willis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 26, 2018<br><br>Court of Appeals Case No.<br>18A-CR-518<br><br>Appeal from the St. Joseph Circuit Court<br><br>The Honorable John E. Broden, Judge<br><br>The Honorable Andre B. Gammage, Magistrate<br><br>Trial Court Cause No.<br>71C01-1611-FC-56 |

**Najam, Judge.**

# Statement of the Case

John Willis appeals his sentence following his convictions for three counts of nonsupport of a dependent child, two as Class C felonies and one as a Level 6 felony. He presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

# Facts and Procedural History

Willis has five children. On September 5, 1997, a trial court ordered Willis to pay child support for his daughter A.W. in the amount of $62 per week. On February 22, 1999, a trial court ordered Willis to pay child support for his son J.W. in the amount of $63 per week. As of February 12, 2013, Willis had accumulated a support arrearage with regard to J.W. totaling $41,320.54. And as of February 24, 2015, Willis had accumulated a support arrearage with regard to A.W. totaling $46,584.30.

The State charged Willis with three counts of nonsupport of a dependent child, two as Class C felonies and one as a Level 6 felony.[1] Willis pleaded guilty as charged, and the trial court accepted his plea and entered judgment of conviction accordingly. Following a sentencing hearing, the trial court

---

[1] Two of the counts related to nonpayment of child support for A.W.—the first count for nonpayment from 1994 to June 2014 and the second count for nonpayment from July 2014 to February 2015. The relevant statute, Indiana Code Section 35-46-1-5, was amended effective July 1, 2014, to eliminate the $15,000 threshold and to change the offense from a Class C or D felony to a Level 5 or 6 felony.

sentenced Willis to consecutive six-year sentences on the two Class C felony counts with four and one-half years suspended on each count and the one and one-half year executed portions to be served on work release. And the trial court imposed a suspended two-year sentence on the Level 6 felony conviction to be served concurrent with the sentences on the other two counts. This appeal ensued.

## Discussion and Decision

Willis asserts that his sentence is inappropriate in light of the nature of the offenses and his character. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

Here, Willis contends that his aggregate twelve-year sentence with three years executed on work release is inappropriate in light of the nature of the offenses because, while his "arrearage is substantial," there was "no evidence of

hardship or sacrifice suffered by the children or the custodial parents" and he took responsibility with his guilty plea. Appellant's Br. at 8. He asserts that his sentence is inappropriate in light of his character because his criminal history is minor, he has been employed, and he pleaded guilty.

[6] However, we cannot say that Willis' sentence is inappropriate. Regarding the nature of the offenses, Willis' child support arrearages exceed $40,000 each, more than double the statutory threshold for a Class C felony under Indiana Code Section 35-46-1-5 (2013). Regarding his character, Willis' criminal history includes three misdemeanors: criminal conversion, a hit and run, and battery. While his criminal history is modest, his failure to support his children reflects poorly on his character. And Willis offers no excuse in mitigation of his nonpayment of child support. We cannot say that Willis' aggregate sentence of three years executed to work release is inappropriate, and we affirm his sentence.

[7] Affirmed.

Crone, J., and Pyle, J., concur.