# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 20 2018, 9:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffery C. Hatcher, Jr., *Appellant-Defendant,* | August 20, 2018 |
| v. | Court of Appeals Case No. 18A-CR-787 |
| | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Wendy W. Davis, Judge |
| | Trial Court Cause No. 02D04-1706-F4-41 |

**Najam, Judge.**

## Statement of the Case

Jeffery C. Hatcher, Jr. appeals his aggregate sentence of twelve years after he pleaded guilty to three counts of dealing in cocaine or a narcotic drug, each as a Level 4 felony. Hatcher raises a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses or his character. We affirm.

## Facts and Procedural History

On three different occasions in September and October of 2016, Hatcher, who lived in Chicago but worked in Spencerville, Indiana, sold heroin to a confidential informant for the Fort Wayne Police Department. The amount of heroin Hatcher sold ranged from 1.6 grams to 2.9 grams. On June 21, 2017, the State charged Hatcher with three counts of dealing in cocaine or a narcotic drug, each as a Level 4 felony.

In January of 2018, Hatcher pleaded guilty to each of the charges without the benefit of a plea agreement. The court found Hatcher guilty and proceeded to sentencing. Following a hearing, the court stated as follows:

> As mitigating circumstances in this matter I will show that [Hatcher] has accepted full responsibility . . . . I also hear [Hatcher's] remorse . . . . I will also give that the weight that it deserves. It's very easy to have remorse though when you get caught. As aggravating circumstances though Mr. Hatcher you were on parole when you picked up a level four dealing of heroin in my community. You haven't sat in my courtroom very much, but I am cleaning up heroin addicts all over this community. This is my community, and there are so many opiates and heroin

running around and fentanyl and all kinds of stuff that individuals like you that are bringing it into my community and selling it I take that very seriously, and I find it highly aggravating. So you were on parole when you . . . were drug dealing in my community number one. Also, I look at your past criminal history. Back in 1998, in Illinois, in Chicago, you were manufacturing and delivering [a] controlled substance. Then in 2001—you were convicted of that. In 2001, you also [had] the exact same offense, manufactured and delivered drugs, that's also in Chicago. Then the Federal Government picked you[] up, and you did Federal time in the Bureau of Prisons for possessing a firearm. So now I've got . . . a drug dealer with a gun. Then in Cook County you had another. So when you got out of Federal Prison, and you've been to the Illinois Department of Corrections, and then you get out, and what do you do? Oh, in 2015 you manufacture and deliver [a] controlled substance. Drug dealing, drug dealing, gun, drug dealing. Now, you stand before this Court and beg for mercy. . . . I find it highly aggravating his five felony convictions. I also note you are innocent until proven guilty, but you've got a gazillion charges pending in Cook County, Illinois[,] right now. . . . I just want you to see through my lens when I sentence you . . . . [Y]ou have all of these people writing these nice letters about you. You've had support. . . . [A]nd you've decided on your own with all this love and support that you are going to continue to be a drug dealer and carry around guns. So I find that the [aggravating and] mitigating circumstances push him well above the . . . middle sentence here. . . . [T]he facts and circumstances in this case are highly aggravating. . . . [H]e is a multi-state offender. . . . [A]ll prior attempts of rehabilitation have failed. There's nothing else I can do to make you understand how severe I think these crimes are.

Tr. Vol. II at 22-24. The court then sentenced Hatcher to twelve years in the Indiana Department of Correction on each conviction, with each twelve-year term to run concurrent with the other two. This appeal ensued.

## Discussion and Decision

[4] Hatcher argues on appeal that his aggregate twelve-year sentence is inappropriate in light of the nature of the offenses and his character. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016). "A person who commits a Level 4 felony shall be imprisoned for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." Ind. Code § 35-50-2-5.5 (2018).

[5] Hatcher asserts that his twelve-year term for three Level 4 convictions is inappropriate. In particular, Hatcher contends that his sentence is

inappropriate in light of the nature of the offenses because, "[a]lthough serious, none of the offenses . . . was particularly egregious" because he had "sold heroin . . . to someone he knew" and "the amounts involved . . . were toward the middle to lower end of the range" that made his acts Level 4 felonies. Appellant's Br. at 17; *see* I.C. § 35-48-4-1(c)(1) (2016). Hatcher further argues that, while he has four prior felony convictions for drug-related offenses, his criminal history contains no juvenile adjudications "and no convictions as an adult for misdemeanor offenses." Appellant's Br. at 17. Hatcher additionally notes that he "accepted criminal responsibility by pleading guilty . . . without benefit of a plea agreement," that he had showed remorse, that his stepfather had abused him as a child, and that his biological father is currently in prison. *Id.* at 18.

[6] However, we cannot say that Hatcher's sentence is inappropriate. Regarding the nature of the offenses, Hatcher thrice crossed state lines to sell a cumulative total of more than six grams of heroin in Indiana. Regarding his character, Hatcher's criminal history includes five prior felonies, four of which are offenses relating to the manufacture or distribution of controlled substances, and one of which is a federal firearms conviction. He was also on parole when he committed the instant three felonies. Moreover, despite his assertions of remorse, support, and a substance-abuse history, Hatcher nonetheless continues to deal in narcotics. We cannot say that his aggregate term of twelve years in the Department of Correction is inappropriate. We affirm his sentence.

[7] Affirmed.

Crone, J., and Pyle, J., concur.