## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 30 2018, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Timothy P. Broden<br>Lafayette, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Caroline G. Templeton<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Scott Thomas Barry,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 30, 2018<br><br>Court of Appeals Case No.<br>79A02-1709-CR-2074<br><br>Appeal from the Tippecanoe Superior Court<br><br>The Honorable Steven P. Meyer, Judge<br><br>Trial Court Cause Nos.<br>79D02-1611-F5-154<br>79D02-1612-F6-1071 |

**Najam, Judge.**

## Statement of the Case

Scott Thomas Barry appeals his sentence following his convictions for two counts of battery, as Level 6 felonies, and his adjudication as a habitual offender pursuant to a guilty plea. Barry presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

## Facts and Procedural History

On November 2, 2016, while incarcerated in the Tippecanoe County Jail, Barry spat on two corrections officers. Accordingly, on November 10, the State charged Barry with three counts of battery, as Level 5 felonies, under Cause Number 79D02-1611-F5-154 ("No. F5-154"). In particular, the State alleged that Barry, knowing he has hepatitis C, placed his bodily waste on the corrections officers, which, if proven, would be Level 5 felonies under Indiana Code Section 35-42-2-1(h) (2017). Then, on November 23, while still incarcerated, Barry spat on a third corrections officer. The State charged Barry with one count of battery, as a Level 6 felony, under Cause Number 79D02-1612-F6-1071 ("No. F6-1071").

On June 23, 2017, Barry pleaded guilty but mentally ill to one count of battery, as a Level 6 felony, and he admitted to being a habitual offender in No. F5-154. Barry also pleaded guilty but mentally ill to battery, as a Level 6 felony, in No. F6-1071. In exchange for his pleas, the State dismissed the remaining counts in F5-154, as well as charges in three additional causes. Barry's plea agreement

provided that his sentences would run consecutively, but otherwise left sentencing to the trial court's discretion. Following a guilty plea hearing, the trial court sentenced Barry to seven years executed in F5-154 and two years, with one year suspended to probation, in F6-1071, for a total aggregate sentence of nine years, with one year suspended to probation. This appeal ensued.

# Discussion and Decision

[4] Barry contends that his sentence is inappropriate in light of the nature of the offenses and his character. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[5] Here, the trial court identified the following aggravating factors when it imposed the sentences: Barry's criminal history, which includes eight felonies and six misdemeanors, as well as a history of juvenile adjudications; the fact that he was on probation and incarcerated at the time of the instant offenses;

the repetitive nature of the offenses; and prior attempts at rehabilitation have failed. The trial court identified the following mitigating circumstances: Barry's mental illness; his guilty plea and acceptance of responsibility; and his difficult childhood and adult life. The court found that the aggravators outweighed the mitigators.

[6] The sentencing range for a Level 6 felony is six months to two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7. And Indiana Code Section 35-50-2-8 (2015) provides that the court shall sentence a person convicted of a Level 6 felony and found to be a habitual offender to an additional fixed term that is between two and six years. Accordingly, the trial court imposed a five-year sentence with an additional two-year sentence for the habitual offender adjudication in No. F5-154 and ordered that sentence to run consecutive to the two-year sentence, with one year suspended to probation, in No. F6-1071. Thus, the court imposed an aggregate term of nine years, with one year suspended to probation.

[7] Barry asserts that his sentence is inappropriate in light of the nature of the offenses because the bodily waste involved was saliva and not urine or fecal matter and, while he is infected with hepatitis C, it is, as the State conceded, *difficult* to transmit hepatitis C through saliva. Barry also maintains that the battery alleged in No. F6-1071 did not involve "conduct beyond that necessary to establish the essential elements of that offense." Appellant's Br. at 7. But the State points out that Barry spit into one of the officer's eyes and said, "I hope you have fun with Hep C." Appellant's App. Vol. 2 at 63. And, at that time,

Barry expressed his intention to spit on all of the corrections officers at the jail. We cannot say that Barry's sentence is inappropriate in light of the nature of the offenses given his express desire to transmit hepatitis C to the corrections officers.

[8] Barry also maintains that his sentence is inappropriate in light of his character. He "concedes that he has had a number of prior contacts with the criminal justice system, both as a juvenile and as an adult." Appellant's Br. at 7. But Barry asserts that "the significance of his criminal history is somewhat diminished because a number of his prior convictions are already embodied in the habitual offender count." *Id.* at 8. And he states that all of his prior convictions "are for either misdemeanor, Class D[,] or Level 6 felonies." *Id.* Also, while not alleging that the trial court abused its discretion at sentencing, Barry contends that "the remaining aggravating factors identified by the trial court are essentially extensions of his criminal history." *Id.* Finally, Barry urges us to give "considerable mitigating weight" to his long history of mental illness. *Id.* at 10.

[9] But, as the State points out, Barry's criminal history is both extensive and diverse. His juvenile history dates back to 1997, and his adult criminal history began in 2008. Barry's misdemeanor convictions include conversion, public intoxication, driving while license suspended, and battery. And his prior felony convictions include strangulation, four thefts, automobile theft, unlawful possession or use of a legend drug or precursor, and battery by bodily waste. In addition, the State has previously filed thirty-three petitions to revoke Barry's

probation, and there were twelve such petitions pending at the time of sentencing in this case. Barry was on probation and incarcerated at the time of the instant offenses. The trial court gave Barry's mental illness mitigating weight at sentencing, and we cannot say that, given the nature and extent of Barry's criminal history, his mental illness deserves even more mitigating weight.[1] We hold that Barry's sentence is not inappropriate in light of his character.

Affirmed.

Mathias, J., and Barnes, J., concur.

---

[1] To the extent Barry asks us to reweigh the aggravators and mitigators on appeal, that we cannot do. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007).