# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 04 2018, 9:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy Streeval,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 4, 2018<br><br>Court of Appeals Case No.<br>18A-CR-626<br><br>Appeal from the Bartholomew Superior Court<br><br>The Honorable James D. Worton, Judge<br><br>Trial Court Cause No.<br>03D01-1710-F2-5617 |

**Najam, Judge.**

# Statement of the Case

[1] Jeremy Streeval appeals his sentence following his conviction for possession of methamphetamine, as a Level 3 felony. He presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

[2] In 2017, Streeval was living in a house with several other people in Columbus. In April of that year, Streeval's neighbors complained to the Columbus Police Department ("CPD") that there was a "high volume of traffic" at the house at "all hours of the night" and "lots of shots fired" there. Tr. Vol. 2 at 48-49. Accordingly, Sergeant Toby Combest and other members of the Joint Narcotics Enforcement Team ("JNET") with the CPD began to surveille the house, and they suspected that residents of the house were selling drugs. They also learned that there were "a lot" of members of the Aryan Brotherhood gang "hanging out" at the house. *Id.* at 52.

[3] On September 20, 2017, JNET conducted a controlled buy, and a confidential informant bought heroin from Streeval at the house. And on October 3, a confidential informant bought heroin from an unidentified man at the house. Accordingly, JNET obtained a search warrant for the house, and they executed the warrant on October 5. In the course of the search, officers found a handgun, more than ten grams of methamphetamine, scales, and baggies. Officers arrested Streeval at that time.

[4] On October 11, the State charged Streeval with dealing in methamphetamine, as a Level 2 felony; possession of methamphetamine, as a Level 3 felony; and two counts of dealing in a narcotic drug, as Level 5 felonies. The State later amended the information to include a habitual offender enhancement. On January 17, 2018, Streeval executed a written plea agreement in which he pleaded guilty to one count of possession in methamphetamine, as a Level 3 felony, and the State dismissed the other counts and the habitual offender enhancement.

[5] The trial court accepted the guilty plea and entered judgment accordingly. At sentencing, the court identified the following aggravators: Streeval's criminal history; that Streeval "has had opportunity for treatment outside of a penal facility and has been unsuccessful"; and the "multiple petitions to revoke probation" previously filed against him. Appellant's App. Vol. 2 at 83. The court found no mitigators and sentenced Streeval to fifteen years executed. This appeal ensued.

## Discussion and Decision

[6] Streeval asserts that his sentence is inappropriate in light of the nature of the offense and his character. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an

initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[7] Here, the trial court imposed a fifteen-year executed sentence, which is one year shy of the maximum possible sentence for a Level 3 felony. *See* Ind. Code § 35-50-2-5 (2018). Regarding the nature of the offense, Streeval asserts that the "harm and potential harm suffered as a result of [his] commission of possession of methamphetamine did not exceed the anticipated scope of harm contemplated by the legislature, thus, a nearly maximum sentence was not appropriate." Appellant's Br. at 13. And regarding his character, he maintains that it does not warrant "a nearly maximum sentence" given his "relatively young age, lengthy untreated history of addiction, and societal support," which "all demonstrated motive and opportunity for [him] to turn his life around and obtain the help he need[s]." *Id.* at 11. We address each contention in turn.

[8] At his guilty plea hearing, Streeval admitted that, in addition to possessing methamphetamine, he also possessed a firearm. Possession of methamphetamine, as a Level 3 felony, does not include an element of possession of a firearm. I.C. § 35-48-4-6.1. Further, at sentencing, Streeval testified that, since 2012, he has supported himself by selling drugs. Thus,

Streeval possessed the methamphetamine while he possessed a firearm and sold drugs for a living. Accordingly, we cannot say that his sentence is inappropriate in light of the nature of the offense.

[9] As for his character, Streeval's criminal history is significant, especially given his age. Streeval accumulated eleven juvenile adjudications dating back to 1999, and his criminal history includes seven felonies and five misdemeanors. Moreover, Streeval has violated probation multiple times, and he absconded from work release twice. Finally, again, Streeval admitted that he has not been employed since 2012, but he has supported himself by dealing drugs. We cannot say that Streeval's sentence is inappropriate in light of his character, and we affirm his sentence.

[10] Affirmed.

Crone, J., and Pyle, J., concur.