## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 26 2018, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Belew,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 26, 2018

Court of Appeals Case No.
18A-CR-1564

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1712-F4-4056

**Najam, Judge.**

# Statement of the Case

William Belew appeals his sentence following his conviction for stalking, as a Level 5 felony. Belew raises a single issue for our review, namely, whether his placement in the Department of Correction is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

On December 2, 2017, Vigo County Sheriff's Deputy and member of the Terre Haute Fire Department William Roberts responded to a report of an attempted arson at the residence of Vicki Bowen. Upon his arrival at Bowen's residence, Deputy Roberts observed damage to the property from an "axe type blade" and also observed a burned napkin near paneling that had been ripped from a wall covering. Appellant's App. Vol. 2 at 18-19. Deputy Roberts spoke with Bowen, and she informed him that she suspected that Belew had damaged the property and placed the napkin because she "had ended a relationship" with him and, since doing so, she "has been receiving threatening messages" from him. *Id.* at 19.

A few days later, Bowen followed up with Deputy Roberts and provided him with a voicemail and two audio recordings from Belew. In the voicemail, Belew admitted to damaging Bowen's property and attempting to burn it down. In the two audio recordings, Belew threatened to kill Bowen and her family.

The State charged Belew with attempted arson, as a Level 4 felony; burglary, as a Level 5 felony; stalking, as a Level 5 felony; and two counts of Class A

misdemeanor intimidation. Thereafter, Belew agreed to plead guilty to stalking, as a Level 5 felony, and in exchange the State agreed to dismiss the remaining counts. Pursuant to his plea agreement, Belew would not "be sentenced to an executed term of imprisonment greater than five (5) years." *Id.* at 46.

[5] The trial court accepted Belew's plea agreement and held a sentencing hearing. After that hearing, the court entered the following sentencing statement:

> The following statutory aggravating factor is established: defendant has a lengthy criminal history including eight (8) felonies and nine (9) misdemeanors. The evidence before the court does not establish any statutory mitigating factors. Defendant's mother is on a fixed income . . . and needs help around the house. She is getting assistance from other family members. The court does not find that imprisonment will work an undue hardship. Defendant does not fully accept responsibility for his actions as he continues to place blame on one of the victims herein. There is no evidence to support a finding defendant would be successful on probation or as a direct placement. The proposed residence, and source of funds, for In Home detention would be his mother, and she does not believe defendant has committed any of the offenses for which he has been convicted. There is some evidence she maintains a relationship with defendant's ex-girlfriend, one of the victims herein.

> The court finds an aggravated sentence of four (4) years is appropriate. The defendant is sentenced to the Indiana Department of Correction for four (4) years. Three (3) years of the sentence shall be executed and one (1) year is suspended to formal probation . . . .

*Id.* at 72.  This appeal ensued.

## Discussion and Decision

On appeal, Belew asserts that his sentence is inappropriate.  As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).  The principal role of appellate review is to "leaven the outliers."  *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review.  *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).  Belew pleaded guilty to one Level 5 felony.  A Level 5 felony carries a fixed term between one and six years with an advisory term of three years.  Ind. Code § 35-50-2-6(b) (2018).

Belew "recognizes that a term of 4 years was not inappropriate."  Appellant's Br. at 8.  Instead, he asserts that his sentence is inappropriate in that his placement is in the Department of Correction rather than on home detention. "The place that a sentence is to be served is an appropriate focus for application of our review and revise authority."  *Biddinger v. State*, 868 N.E.2d 407, 414

(Ind. 2007). "Nonetheless, we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). "This is because the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate" but "whether the sentence imposed is inappropriate." *Id.* at 268 (emphasis in original).

[8] According to Belew, his placement in the Department of Correction is inappropriate because "he was found to be a suitable candidate for home detention." Appellant's Br. at 8. Belew asserts that "there is nothing particularly remarkable about" the nature of his stalking offense. *Id.* He further asserts that, while he "has a prior criminal history," most of his prior offenses "were lower-level offenses that occurred nearly a decade before the instant offense." *Id.* at 9. Belew also argues that the trial court's rationale for his placement was based on undue emphasis given to the testimony of Belew's mother.

[9] We cannot say that Belew's placement in the Department of Correction is inappropriate. While he pleaded guilty to a single Level 5 offense of stalking, the nature of the offense demonstrates that Belew had broken into Bowen's residence with an axe and attempted to burn it down. The nature of the offense also demonstrates that Belew had, on at least two other occasions, physically threatened Bowen and her family. And Belew's character reveals an extensive criminal history, which includes eight prior felonies. Accordingly, we cannot say that his placement in the Department of Correction instead of a less-

restrictive placement is inappropriate in light of the nature of the offense or Belew's character. Thus, we affirm his sentence.

[10] Affirmed.

Pyle, J., and Altice, J., concur.